# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 98-10578

GLENN D. DICKERSON; TROY L. ARMSTRONG; RANDY A. HOLMES; MICHAEL R. BUEHLER; BRENT RODGERS; STEPHEN FULTZ; DOUGLAS S. MALLON; AARON DAVIS; PAUL E. OVERTON; J.B. THOMPSON; DEBORAH DUARTE; VICKIE BURNETT; DAVID DUNNAHOO; LUANNE E. MASSEY; DARRYL G. HAYES; LONNIE TUTT; LUIS ARISMENDEZ; BILLY R. BANKS; JEROME HENRY; ROBERT KEAVENEY;; G.A. McKINNEY; JOHN RODRIGUEZ; DARRELL MAXWELL; CYNTHIA MANION; LORI B. ARENT; FLETCHER DAHMAN; TOD A. GILLAM; GERALD JENSEN, JR.; CHARLES E. TAYLOR; DONALD BARTON, JR.; THOMAS A. TAYLOR, SR.; ;MICHAEL HUGHES; STEVEN WISE; JAMES GRAHAM; RICHARD SANTA CRUZ; ;MARK WILLIAMSON; JOHNNY L. RUDDER,

Plaintiffs-Appellants,

versus

CITY OF DALLAS, TEXAS,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
(3:96-CV-2174-T)

May 18, 1999

Before REYNALDO G. GARZA, POLITZ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Plaintiffs, a class of Dallas firefighters also certified as paramedics, appeal

the adverse summary judgment in their action seeking overtime compensation

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under the Fair Labor Standards Act. For the reasons assigned, we affirm.

The facts concerning the nature of the employees' job activities are set forth in careful detail in the trial court's opinion granting summary judgment to the City of Dallas. The court *à quo* held that the City was not required to pay overtime compensation to plaintiffs because of the FLSA's partial exemption for employees engaged in fire protection activities.[1] Relying on **Bond v. City of Jackson**,[2] the district court also found that plaintiffs satisfied the "substantially related" test of 29 C.F.R. § 553.215.[3]

We review *de novo* a grant of summary judgment.[4] Our review of the record and briefs, aided by the oral arguments of counsel, discloses no basis for reversal. We conclude that the district court's application of section 553.215's "substantially related" test to the paramedic personnel is supported by the reference to this section in section 553.210(a)'s "integral part" definition. Accordingly, on the facts as found, the authorities cited, and analysis made by the district court in its comprehensive and thorough order granting the City's

---

[1] 29 U.S.C. § 207(k). Rescue and ambulance service personnel are partially exempt from overtime if they "form an integral part of the public agency's fire protection activities. See § 553.215." 29 C.F.R. § 553.210(a).

[2] 939 F.2d 285 (5th Cir. 1991).

[3] Section 553.215, which applies to ambulance and rescue service employees of a public agency other than a fire protection agency, allows ambulance and rescue service paramedics to be exempt from overtime pay if their services are "substantially related" to firefighting in that they have received training in the rescue of fire and accident victims and are "regularly dispatched" to fires, crime scenes, riots, natural disasters, and accidents.

[4] **New York Life Ins. Co. v. Travelers Ins. Co.**, 92 F.3d 336 (5th Cir. 1996).

motion for summary judgment and denying plaintiffs' motion for partial summary judgment signed and filed on March 24, 1998, the judgment appealed is AFFIRMED.